IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**
1156 15th Street NW, Suite 1020
Washington, D.C. 20005

       Plaintiff,

v.

**CIVIL RIGHTS DIVISION**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

**OFFICE OF THE ATTORNEY GENERAL**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

**OFFICE OF THE DEPUTY ATTORNEY GENERAL**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

**OFFICE OF PUBLIC AFFAIRS**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

**OFFICE OF INFORMATION POLICY**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, NW
Washington, D.C. 20530,

Civil Action No. _____

and

**U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT**
500 12th Street SW, Stop 5009
Washington, DC 20536,

Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

The Reporters Committee for Freedom of the Press ("Reporters Committee" or "RCFP"), by and through its undersigned counsel, hereby alleges as follows:

1.     Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against the Department of Justice's Civil Rights Division ("CRD"), Office of the Attorney General ("OAG"), Office of the Deputy Attorney General ("ODAG"), Office of Public Affairs ("OPA"), Office of Information Policy ("OIP"), and the Department of Justice ("DOJ") itself, along with the U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants").

2.     By this action, the Reporters Committee seeks to compel Defendants to comply with their obligations under FOIA to release records pertaining to the arrests of journalists Georgia Fort, Don Lemon, and Shane Bollman (aka Junn Bollmann). The Reporters Committee is statutorily entitled to the disclosure of these records, and Defendants have improperly withheld them in violation of FOIA.

### Jurisdiction and Venue

3.     The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

2

4.   Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5.   Plaintiff Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to preserving the First Amendment's guarantee of a free press and vindicating the rights of the news media and the public to access government records.  The Reporters Committee is located in Washington, DC.

6.   Defendant CRD is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks.  CRD is a component of Defendant United States Department of Justice and is located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

7.   Defendant OAG is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks.  OAG is a component of Defendant United States Department of Justice and is located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

8.   Defendant ODAG is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks.  ODAG is a component of Defendant United States Department of Justice and is located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

9.    Defendant OPA is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks.  OPA is a component of Defendant United States Department of Justice and is located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

10.    Defendant OIP is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks.  OIP is a component of Defendant United States Department of Justice and is located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

11.    Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks.  The DOJ's headquarters are located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

12.    Defendant ICE is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks.  ICE's headquarters are located at 500 12th Street SW, Washington, DC 20536.

### Facts

13.    On March 20, 2026, Plaintiff submitted FOIA requests to CRD, OAG, ODAG, OPA, and ICE (collectively, the "RCFP Requests").

4

The CRD Request

14.    On March 20, 2026, Plaintiff submitted a FOIA request to the CRD via email (the "CRD Request").  A true and correct copy of the CRD Request is attached hereto as **Exhibit 1** and is incorporated by reference.

15.    The CRD Request sought:

1.  All EMAILS sent to or from Assistant Attorney General Harmeet Dhillon between January 17 and 31, 2026, that include "Georgia Fort" (case insensitive), "Georgia Ellyse Fort" (case insensitive), "Lemon" (case insensitive), "Schiltz" (case insensitive), or "Micko" (case insensitive);

2.  All EMAILS sent to or from Assistant Attorney General Harmeet Dhillon between January 17 and February 26, 2026, that mention or refer to Shane Ryan Bollman (aka Junn Bollmann);

3.  All ELECTRONIC MESSAGES on Assistant Attorney General's Harmeet Dhillon's mobile phone(s) that were sent or received on January 18, 2026, which include "Lemon" or "Fort." This sub-part also seeks the 20 messages in the pertinent thread or conversation that precede the mention of "Lemon" or "Fort," and the 20 messages in the pertinent thread or conversation that follow the mention of "Lemon" or "Fort";

4.  All EMAILS sent to or from Principal Deputy Assistant Attorney General Jesus Osete between January 17 and 31, 2026, that include "Georgia Fort" (case insensitive), "Georgia Ellyse Fort" (case insensitive), "Lemon" (case insensitive), "Schiltz" (case insensitive), or "Micko" (case insensitive);

5.  All EMAILS sent to or from Principal Deputy Assistant Attorney General Jesus Osete between January 17 and February 26, 2026, that mention or refer to Shane Ryan Bollman (aka Junn Bollmann);

6.  All EMAILS sent to or from Acting Deputy Assistant Attorney General Robert Keenan between January 17 and 31, 2026, that include "Georgia Fort" (case insensitive), "Georgia Ellyse Fort" (case insensitive), "Lemon" (case insensitive), "Schiltz" (case insensitive), or "Micko" (case insensitive);

5

7. All EMAILS sent to or from Acting Deputy Assistant Attorney General Robert Keenan between January 17 and February 26, 2026, that mention or refer to Shane Ryan Bollman (aka Junn Bollmann);

8. All applications for search warrants, along with the supporting affidavits, as to the cellphones of Don Lemon, Georgia Fort, and/or Shane Ryan Bollman (aka Junn Bollmann).

Ex. 1.

16. The CRD Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. 1.

17. On April 1, 2026, Plaintiff received an email from CRD acknowledging receipt of the CRD Request and assigning tracking number 26-00354-F. A true and correct copy of the email is attached hereto as **Exhibit 2**.

18. As of the date of the filing of this Complaint, it has been approximately 70 calendar days and 48 business days since Plaintiff submitted the CRD Request.

19. As of the date of the filing of this Complaint, Plaintiff has received no further communications from CRD regarding the CRD Request.

### The OAG, ODAG, and OPA Request

20. On March 20, 2026, Plaintiff submitted a FOIA request to OAG, ODAG, and OPA via OIP on the FOIA STAR portal (the "OAG, ODAG, and OPA Request"). A true and correct copy of the OAG, ODAG, and OPA Request is attached hereto as **Exhibit 3** and is incorporated by reference.

21. The OAG, ODAG, and OPA Request sought:

1. Records consisting of, or reflecting, the Attorney General's "express authorization" to seek a warrant for the arrest of and/or conduct the

6

arrest of journalist Don Lemon, per 28 C.F.R. § 50.10(f)(2);

2. Records consisting of, or reflecting, the Attorney General's "express authorization" to seek a warrant for the arrest of and/or conduct the arrest of journalist Georgia Fort, per 28 C.F.R. § 50.10(f)(2);

3. Records consisting of, or reflecting, the Attorney General's "express authorization" to seek a warrant for the arrest of and/or conduct the arrest of journalist Shane Ryan Bollman (aka Junn Bollmann), per 28 C.F.R. § 50.10(f)(2);

4. Records consisting of, or reflecting, the "notice" to the Director of the Office of Public Affairs to seek a warrant for the arrest of and/or conduct the arrest of journalist Don Lemon, per 28 C.F.R. § 50.10(f)(2);

5. Records consisting of, or reflecting, the "notice" to the Director of the Office of Public Affairs to seek a warrant for the arrest of and/or conduct the arrest of journalist Georgia Fort, per 28 C.F.R. § 50.10(f)(2);

6. Records consisting of, or reflecting, the "notice" to the Director of the Office of Public Affairs to seek a warrant for the arrest of and/or conduct the arrest of journalist Shane Ryan Bollman (aka Junn Bollmann), per 28 C.F.R. § 50.10(f)(2);

7. Records consisting of, or reflecting, the Attorney General's "express authorization" to present information to a grand jury seeking a bill of indictment for journalist Don Lemon, per 28 C.F.R. § 50.10(f)(3);

8. Records consisting of, or reflecting, the Attorney General's "express authorization" to present information to a grand jury seeking a bill of indictment for journalist Georgia Fort, per 28 C.F.R. § 50.10(f)(3);

9. Records consisting of, or reflecting, the Attorney General's "express authorization" to present information to a grand jury seeking a bill of indictment for journalist Shane Ryan Bollman (aka Junn Bollmann), per 28 C.F.R. § 50.10(f)(3);

10. Records consisting of, or reflecting, the "notice" to the Director of the Office of Public Affairs to present information to a grand jury seeking a bill of indictment for journalist Don Lemon, per 28 C.F.R. § 50.10(f)(3);

11. Records consisting of, or reflecting, the "notice" to the Director of the Office of Public Affairs to present information to a grand jury seeking a bill of indictment for journalist Georgia Fort, per 28 C.F.R. § 50.10(f)(3);

12. Records consisting of, or reflecting, the "notice" to the Director of the Office of Public Affairs to present information to a grand jury seeking a bill of indictment for journalist Shane Ryan Bollman (aka Junn Bollmann), per 28 C.F.R. § 50.10(f)(3);

13. Records consisting of, or reflecting, the "facts" provided to the Attorney General in connection with her determination to arrest or to seek an arrest warrant for, or to present information to a grand jury seeking an indictment of, journalist Don Lemon, per 28 C.F.R. § 50.10(f)(4);

14. Records consisting of, or reflecting, the "facts" provided to the Attorney General in connection with her determination to arrest or to seek an arrest warrant for, or to present information to a grand jury seeking an indictment of, journalist Georgia Fort, per 28 C.F.R. § 50.10(f)(4);

15. Records consisting of, or reflecting, the "facts" provided to the Attorney General in connection with her determination to arrest or to seek an arrest warrant for, or to present information to a grand jury seeking an indictment of, journalist Shane Ryan Bollman (aka Junn Bollmann), per 28 C.F.R. § 50.10(f)(4);

16. All records constituting or reflecting the "direction" from the Attorney General to arrest Don Lemon, as referenced in the Attorney General's public post on January 30, 2026;

17. Records consisting of, or reflecting, the "authorization" of the Attorney General to apply for a search warrant as to the cellphone of Don Lemon, per 28 C.F.R. § 50.10(d)(1);

18. Records consisting of, or reflecting, the "authorization" of the Attorney General to apply for a search warrant as to the cellphone of Georgia Fort, per 28 C.F.R. § 50.10(d)(1);

19. Records consisting of, or reflecting, the "authorization" of the Attorney General to apply for a search warrant as to the cellphone of Shane Ryan Bollman (aka Junn Bollmann), per 28 C.F.R. § 50.10(d)(1);

8

20. All EMAILS sent to or from the Attorney General between January 17 and 31, 2026, that include "Georgia Fort" (case insensitive), "Georgia Ellyse Fort" (case insensitive), "Lemon" (case insensitive), "Schiltz" (case insensitive), or "Micko" (case insensitive);

21. All EMAILS sent to or from the Attorney General between January 17 and February 26, 2026, that mention or refer to Shane Ryan Bollman (aka Junn Bollmann);

22. All ELECTRONIC MESSAGES on the Attorney General's mobile phone(s) that were sent or received January 17–18, 2026, which include "Lemon" or "Fort." This sub-part also seeks the 20 messages in the pertinent thread or conversation that precede the mention of "Lemon" or "Fort," and the 20 messages in the pertinent thread or conversation that follow the reference to or mention of "Lemon" or "Fort";

23. Records reflecting any appointment by the Attorney General of persons within Homeland Security Investigations ("HSI") to investigate the events at Cities Church in St. Paul, Minnesota, on or about January 18, 2026, or to prosecute persons connected with such events. Such requested records include, but are not limited to, appointments of the Attorney General pursuant to 28 U.S.C. § 533;

24. All EMAILS sent to or from the Deputy Attorney General between January 17 and 31, 2026, that include "Georgia Fort" (case insensitive), "Georgia Ellyse Fort" (case insensitive), "Lemon" (case insensitive), "Schiltz" (case insensitive), or "Micko" (case insensitive);

25. All EMAILS sent to or from the Deputy Attorney General between January 17 and February 26, 2026, that mention or refer to Shane Ryan Bollman (aka Junn Bollmann);

26. All ELECTRONIC MESSAGES on the Deputy Attorney General's mobile phone(s) that were sent or received January 17–18, 2026, which include "Lemon" or "Fort." This sub-part also seeks the 20 messages in the pertinent thread or conversation that precede the mention of "Lemon" or "Fort," and the 20 messages in the pertinent thread or conversation that follow the mention of "Lemon" or "Fort".

Ex. 3.

9

22.  The OAG, ODAG, and OPA Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof.  *See* Ex. 3.

23.  On March 23, 2026, Plaintiff received via email a letter from the DOJ Office of Information Policy ("OIP") acknowledging receipt of the OAG, ODAG, and OPA Request and assigning tracking number FOIA-2026-02336.  A true and correct copy of the letter is attached hereto as **Exhibit 4**.

24.  As of the date of the filing of this Complaint, it has been approximately 70 calendar days and 48 business days since Plaintiff submitted the OAG, ODAG, and OPA Request.

25.  As of the date of the filing of this Complaint, Plaintiff has received no further communications from OIP regarding the OAG, ODAG, and OPA Request.

<u>The ICE Request</u>

26.  On March 20, 2026, Plaintiff submitted a FOIA request to the ICE via FOIA.gov (the "ICE Request").  A true and correct copy of the ICE Request is attached hereto as **Exhibit 5** and is incorporated by reference.

27.  The ICE Request sought:

1.  All EMAILS sent to or from GERBER between January 17 and 31, 2026, that include "Georgia Fort" (case insensitive), "Georgia Ellyse Fort" (case insensitive), "Lemon" (case insensitive), "Schiltz" (case insensitive), or "Micko" (case insensitive);

2.  All EMAILS sent to or from GERBER between January 17 and February 26, 2026, that mention or refer to Shane Ryan Bollman (aka Junn Bollmann);

10

3. All ELECTRONIC MESSAGES on GERBER's mobile phone(s) that were sent or received on January 18, 2026, which include "Lemon" or "Fort." This sub-part also seeks the 20 messages in the pertinent thread or conversation that precede the mention of "Lemon" or "Fort," and the 20 messages in the pertinent thread or conversation that follow the mention of "Lemon" or "Fort";

4. All EMAILS, ELECTRONIC MESSAGES, and any other records consisting of or reflecting communications between GERBER and any magistrate judge or district court judge of the United States District Court for Minnesota, that were sent or received between January 17 and January 23, 2026;

5. Records consisting of or documenting any appointment of GERBER or other agents within Homeland Security Division to investigate the events of January 18, 2026 at Cities Church in St. Paul, Minnesota;

6. All EMAILS, memoranda, and forms mentioning or referencing the arrest of Georgia Ellyse Fort by HSI on January 30, 2026;

7. All EMAILS, memoranda, and forms mentioning or referencing the arrest of Don Renaldo Lemon by HSI on January 30, 2026;

8. All EMAILS, memoranda, and forms mentioning or referencing the arrest of Shane Ryan Bollman (aka Junn Bollmann) by HSI on January 30, 2026; and

9. All applications for search warrants, along with the supporting affidavits, as to the cellphones, computers, and/or other electronic devices of Don Lemon, Georgia Fort, and Shane Ryan Bollman (aka Junn Bollmann).

Ex. 5.

28.    The ICE Request defined GERBER as Homeland Security Investigations Special Agent Timothy M. Gerber.  Ex. 5.

29.    The ICE Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof.  *See* Ex. 5.

11

30.    On May 22, 2026, Plaintiff received an email from ICE acknowledging the ICE Request and assigning tracking number 2026-ICFO-21303.  A true and correct copy of the email is attached hereto as **Exhibit 6**.

31.    As of the date of the filing of this Complaint, it has been approximately 70 calendar days and 48 business days since Plaintiff submitted the ICE Request.

32.    As of the date of the filing of this Complaint, Plaintiff has received no further communication from ICE regarding the ICE Request.

CAUSES OF ACTION

**COUNT I**
**Violation of FOIA for Failure to Comply with Statutory Deadlines**

1.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

2.    Defendants are agencies subject to FOIA.

3.    By the RCFP Requests, Plaintiff properly requested records within the possession, custody or control of Defendants.

4.    Defendants failed to make determinations with respect to the RCFP Requests within the timeframe required by FOIA.  5 U.S.C. § 552(a)(6)(A).

5.    Defendants' failure to provide determinations with respect to the RCFP Requests within the statutory required timeframe are violations of FOIA.

6.    Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the RCFP Requests.  5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

## COUNT II
## Violation of FOIA for Wrongful Withholding of Agency Records

7.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

8.    Defendants are agencies subject to FOIA.

9.    By the RCFP Requests, Plaintiff properly requested records within the possession, custody or control of the Defendants.

10.    The RCFP Requests complied with all applicable regulations regarding the submission of FOIA requests.

11.    Defendants have not released any records or portions thereof in response to the RCFP Requests.

12.    Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the RCFP Requests.

13.    Defendants have not identified whether or how release of the records sought by the RCFP Requests would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

14.    Defendants have improperly withheld records responsive to the RCFP Requests in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)    Issue a declaration that Defendants' failure to provide a determination with respect to the RCFP Requests within the required statutory deadline is a violation of FOIA;

13

(2)     Order Defendants to complete their search for records responsive to the RCFP Requests, and to issue determinations with respect to the RCFP Requests;

(3)     Order Defendants to release all non-exempt records or portions thereof responsive to the RCFP Requests;

(4)     Issue a declaration that RCFP is entitled to disclosure of the records responsive to the RCFP Requests;

(5)     Enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the RCFP Requests;

(6)     Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(7)     Grant such other relief as the Court may deem just and proper.

Dated:   May 29, 2026

Respectfully submitted,

*/s/ Adam A. Marshall*
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM
OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*

14