UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 26-1855 (DLF) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A BRIEFING SCHEDULE**

Defendants, by and through undersigned counsel, respectfully file this opposition to Plaintiff's premature request for a piecemeal summary judgment briefing schedule (ECF No. 15), with respect to the withholdings of two of the three Defendant agencies in this Freedom of Information Act ("FOIA") action: Immigration and Customs Enforcement ("ICE") and the Department of Justice's Civil Rights Division.

**ARGUMENT**

Plaintiff already prematurely (and improperly) moved for a processing and production order via a motion for judgment on the pleadings (ECF No. 9), which Defendants opposed. ECF No. 11. Plaintiff has opposed the Defendant Department of Justice's motion for an *Open America* stay. ECF No. 13. Now, Plaintiff puts a third pending motion before the Court, seeking yet more motions practice: piecemeal summary judgment briefing.

Piecemeal litigation is rightfully and repeatedly discouraged in FOIA litigation. This Court recently said so. *See Jud. Watch, Inc. v. U.S. Dep't of Justice*, Civ. A. No. 25-4047 (DLF), Tr. at 11: 4-7 ("Again, I don't like to do piecemeal summary judgment briefing in FOIA cases. If I permit

you to challenge items 2 and 3, why shouldn't I also permit the department to argue that your request is unduly burdensome?"); Page 9:13-15 ("Typically, I don't do piecemeal summary judgment in FOIA cases.").

Many other members of this Court too have rejected piecemeal summary judgment briefing under FOIA. *See, e.g.*, Min. Order, *Kanter v. Dep't of Health & Hum. Servs.*, Civ. A. No. 21-1820 (BAH) (D.D.C. Feb. 4, 2022) ("[B]riefing would result in piecemeal, inefficient consideration of issues related to the claims in this case[.]"); *Protect Democracy Project, Inc. v. Nat'l Sec. Agency*, Civ. A. No. 17-1000 (CKK) (D.D.C. Apr. 16, 2018) ("The Court observes that it is strongly disinclined to resolve portions of this Freedom of Information Act case on a piecemeal basis prior to completion of all processing and production."); Min. Order, *Leopold v. Dep't of Homeland Sec.*, Civ. A. No. 21-0545 (TJK) (D.D.C. Mar. 6, 2023) (similar); Min. Order, *James Madison Project v. CIA*, Civ. A. No. 19-0609 (BAH) (D.D.C. Dec. 13, 2022) (similar); Min. Order, *Bader Family Found v. Dep't of Educ.*, Civ. A. No. 21-1741 (DLF) (D.D.C. Oct. 26, 2022) (similar); *Louise Trauma Ctr. LLC v. Dep't of Homeland Sec.*, Civ. A. No. 20-1128 (TNM), 2022 WL 1081097, at *2 (D.D.C. Apr. 11, 2022) (similar); Min. Order, *Brown v. Dep't of State*, Civ. A. No. 15-1459 (CKK) (Jan. 12, 2018) (similar); Min. Order, *Accuracy in Media, Inc. v. Dep't of Def.*, Civ. A. No. 14-1589 (EGS) (D.D.C. June 23, 2015) (similar); *Doshi v. Blinken*, Civ. A. No. 23-3613 (RC), 2024 WL 3509486, at *10 (D.D.C. July 22, 2024) (denying plaintiff's summary judgment motion as premature when agency was still processing and releasing responsive records); *McKathan v. Dep't of Homeland Sec.*, Civ. A. No. 22-1865 (DLF), 2024 WL 1344434, at *8 (D.D.C. Mar. 29, 2024) ("The Court will not set a summary judgment briefing schedule before [the agencies] have finished searching and releasing any documents to [the requester]."); *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, Civ. A. No. 17-0160 (TNM/GMH), 2018 WL 6790313, at *2 (D.D.C. Dec.

10, 2018) (denying summary judgment motion as premature in FOIA case where agency was still conducting search for responsive records).

Even when FOIA litigation has multiple agency defendants and some, but not all, have issued final determinations, courts have rejected piecemeal summary judgment briefing. *See, e.g.*, *Nat'l Rev., Inc. v. U.S. Dep't of Justice*, Civ. A. No. 26-1286 (JEB) (*compare* joint status report dated Aug. 11, 2026, *with* Min. Order, Aug. 12, 2026).

Under Plaintiff's preferred approach, there may be more than two rounds of summary judgment briefing. That is because ICE and the Civil Rights Division have issued final determinations under Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), based on ongoing law enforcement investigations, which the D.C. Circuit has explained is "temporal in nature" and "may become outdated when the proceeding at issue comes to a close." *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1097 (D.C. Cir. 2014). "The proceeding must remain pending at the time of [the court's] decision, not only at the time of the initial FOIA request." *Id.* So briefing on Exemption 7(A) may be for naught if the passage of time makes the matter stale, and thus moot. Then, the agencies would process records, make redactions and withholdings, and issue responses.[1] Afterwards, Plaintiff may contest those exemptions with further summary judgment briefing. Instead of multiple rounds of briefing, the ordinary, appropriate alternative is a single round of summary judgment briefing addressing all issues before the Court.

[1] Although Plaintiff raises the hypothetical concern with the agencies later asserting other FOIA exemptions, ECF No. 15 at 6 (Pl. Mot. for briefing schedule), ICE and the Civil Rights Division have already stated in their determination letters to Plaintiff that multiple, other FOIA exemptions apply to the records. *See* ECF Nos. 15-1, 15-2.

Plaintiff also spends much of its motion for a briefing schedule instead prematurely making its merits-focused summary judgment arguments. Never mind that Plaintiff's motion follows none of the procedural requirements, like attaching a statement of material facts or actual evidence. *See* Fed. R. Civ. P. 56; Local Civ. R. 7(h). In any event, Plaintiff's merits arguments have no bearing on the appropriateness of piecemeal summary judgment briefing.

Plaintiff has made no attempt at informal resolution of its disputes either. For example, Plaintiff has not requested through counsel that Defendants lift the Exemption 7(A) withholdings, asked Defendants to provide draft declarations to help narrow issues (a common negotiating tool in FOIA cases), or otherwise proposed any informal solution. Instead, Plaintiff seeks to expedite summary judgment briefing on FOIA requests for which it never even requested expedited processing.

Finally, Plaintiff proposes an unworkable schedule. Although Plaintiff did not attach a proposed order to its motion or otherwise request specific dates, Plaintiff did, when conferring on its motion, state that it would seek an order from the Court setting November 9, 2026, as the deadline for the Civil Rights Division and ICE to file their motion for summary judgment. Assuming it remains Plaintiff's intention to request that filing deadline, Defendants oppose this schedule as was communicated during the pre-motion conferral process. That is less than one month from this opposition and provides insufficient time for the agencies to gather materials and prepare supporting declarations given the agencies' existing substantial workloads and limited resources. In addition, the undersigned has a robust docket of active cases older than this one which require his attention. The undersigned is currently in trial, which began October 1, in *Kincaid v. Blanche*, Civ. A. No. 17-1941 (RDM), and is expected to continue through October 14, 2026. In the months following the trial, the undersigned already has a full docket of responsibilities

of court deadlines (many of which already have been extended by the Court because of the trial), discovery, and other work to handle. Under these circumstances, Defendants would need more time if the Court permitted a piecemeal approach to summary judgment briefing.

**CONCLUSION**

Plaintiff complains about the consequences of its litigation choice. Plaintiff chose to bring one lawsuit over its three FOIA requests, but it now wants to rush into summary judgment briefing on only some of its claims. This contradicts ordinary FOIA litigation procedures, as shown above, and Plaintiff has identified no basis to deviate from that normal procedure.

For these reasons, Defendants respectfully request that the Court deny Plaintiff's premature motion for piecemeal summary judgment briefing. A proposed order is attached.

Dated: October 13, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *Is/ Mason D. Bracken*
MASON D. BRACKEN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 26-1855 (DLF) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff's Motion for Partial Summary Judgment Briefing Schedule (ECF No. 15), Defendants' Opposition, and the entire record herein, it is hereby

ORDERED that Plaintiff's Motion for Partial Summary Judgment Briefing Schedule (ECF no. 15) is DENIED.

SO ORDERED:

| | |
|---|---|
| ___________________<br>Date | _____________________________________<br>DABNEY L. FRIEDRICH<br>United States District Judge |